UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GUSSIE RUCKER,

    Plaintiff,

v.                            Case No. 8:09-cv-635-T-33 AEP

EMPIRE HEALTHCHOICE
ASSURANCE, INC.,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant's Motion to Dismiss. (Doc. # 11). Plaintiff opposes the motion (Doc. # 17), and Defendant has filed a reply brief (Doc. # 18). As explained below, the motion is due to be granted.

**I. Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted). As such,

a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## II. Background

Plaintiff alleges the following in her amended complaint (Doc. # 9): Plaintiff was employed by Sears. She was a participant in Sears' group health benefits plan, which is governed by ERISA. Plaintiff alleges that Defendant is the Plan Administrator and that Defendant made benefit determinations under the Plan.

In 2007, Defendant denied Plaintiff's claim relating to her four-day stay in the emergency room. Thereafter, in 2008, Plaintiff made a written request for information and copies of insurance policies and certain documents relating to the denial of her claim. Defendant, however, did not provide the requested information and documentation within thirty days after she made the

2

request, which Plaintiff contends is a violation of 29 U.S.C. § 1132(c)(1).[1]  As a result, Plaintiff filed a one-count complaint against Defendant for the failure to provide the requested documents.

**III.  Motion to Dismiss**

In its motion to dismiss, Defendant argues that it is not the proper defendant, and as such, Plaintiff fails to state a claim against it.  Specifically, Defendant argues that it is not the Plan Administrator, and violations of § 1132(c)(1) must be brought against the Plan Administrator.  In support of this argument, Defendant attaches a copy of the Plan Documents to its motion.  On page 20-1 of the Plan Documents, the Plan Administrator is identified as Sears Holdings Corporation Administrative Committee ("the Committee").  (Doc. # 11-1, p. 2).

Defendant notes that normally, a court is confined to reviewing the complaint and the attachments thereto when analyzing a motion to dismiss.  However, Defendant points out that there is an exception that allows a court to look outside of the complaint

---

[1] Section 1132(c)(1) provides, in pertinent part, that "[a]ny administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) . . . within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper."

3

and attachments thereto when "a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss." Financial Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1284 (11th Cir. 2007)(citations omitted). As Defendant meets all of the requirements to this exception, the Court will consider the Plan Documents attached to the motion to dismiss.

In response to the motion, Plaintiff merely states that "[t]his Court should not make the exception [Defendant] requests and [Defendant's] motion to dismiss should be denied." (Doc. # 17, p.5). The response otherwise fails to address the substantive argument made by Defendant and is plainly insufficient.

Upon review of the Plan Documents, the Court notes that they provide that the Committee is the Plan Administrator and that the Committee has delegated the authority for medical claims determinations and appeals of denied medical claims to Defendant. (Doc. # 11-1, p. 5). However, Plaintiff has not alleged in her amended complaint (or explicitly argued in her response to the motion) that Defendant is a de facto Plan Administrator, and as such, is a proper defendant. See Hunt v. Hawthorne Assocs., Inc., 119 F.3d 888, 915 (11th Cir. 1997)(recognizing that a de facto Plan Administrator can exist in certain circumstances). Because the Court has no way of knowing whether facts exist that would support

4

a de facto Plan Administrator theory, and because Plaintiff has not made such an argument, the Court finds that dismissal of the complaint is appropriate.[2] See Maxwell v. Blue Cross Blue Shield Healthcare Plan of Ga., 2009 WL 734115, at *4-5 (N.D. Ga. Mar. 18, 2009)(finding that the defendants were not de facto plan administrators, despite the fact that the defendants made the claims determinations, and the plaintiff and his doctors communicated exclusively with defendants during the claims process).

If Plaintiff believes that facts exist that support a de facto Plan Administrator theory, the Court will give her one final opportunity to amend her complaint. However, if she fails to timely file a second amended complaint, the Court will close this

---

[2] Furthermore, while not argued by Defendant, the Court notes that Plaintiff's claim may be broader than the law recognizes to the extent that she is alleging an ERISA violation for the failure to provide her with documents that a plan administrator is not required to furnish under 29 U.S.C. § 1024(b). See Byars v. The Coca-Cola Co., 517 F.3d 1256, 1270 (11th Cir. 2008)(stating that the failure to provide documents relevant to the denial of the plaintiff's claim, as required by 29 C.F.R. § 2560.503-1, cannot support a claim for a violation of § 1132(c)(1)); Disanto v. Wells Fargo & Co., 2007 WL 2460732, at *15-16 (M.D. Fla. Aug. 24, 2007)(stating that § 1132(c)(1) does not authorize a per diem penalty for failing to provide relevant documents in a claim file pursuant to 29 C.F.R. § 2560.503-1); Brucks v. The Coca-Cola Co., 391 F. Supp.2d 1193, 1210-12 (N.D. Ga. 2005)(stating that § 1132(c)(1) provides a penalty for a Plan Administrator's failure to provide documents identified in 29 U.S.C. § 1024 and noting that there is no Eleventh Circuit case authorizing a per diem penalty for failing to provide documents relating to a denial of a claim, as described in 29 C.F.R. § 2560.503-1).

case without further notice.

## IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (Doc. # 11) is **GRANTED**. However, Plaintiff may file a second amended complaint by June 23, 2010. Failure to file a second amended complaint by June 23, 2010 will result in the Court closing this case without further notice.

**DONE AND ORDERED** at Tampa, Florida, this 9th day of June, 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record